PROB 12C
(06/17)

March 4, 2020
pacts id: 4270713

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Talhia Alvarado Murrietta (English)          **Dkt No.:** 17CR04382-001-LAB

**Reg. No.:** 65563-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, Chief U.S. District Judge

**Original Offense:** 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Alien for Financial Gain and Aiding and Abetting, a Class D felony.

**Date of Sentence:** February 5, 2018

**Sentence:** 5 years' probation *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On April 12, 2018, Your Honor modified Ms. Murrietta's conditions of supervision to include participation in an outpatient substance abuse program, and Your Honor requested an OSC be filed should there be further drug use.

In a Petition for Warrant, dated April 26, 2018, the probation officer notified Your Honor of Ms. Murrietta's continued use of illicit substances and requested a warrant for her arrest. Your Honor issued an arrest warrant and the warrant returned executed on May 7, 2018. On June 18, 2018, Ms. Murrietta admitted to allegation 1 and after finding her in violation, Your Honor continued her on probation supervision with an additional condition: complete the 90-day program at CRASH residential drug treatment program.

On May 16, 2019, Your Honor modified the conditions of probation to include an alcohol abstinence condition and requested the probation officer prepare a Petition for Warrant for any new incident of drug or alcohol use.

In the second Petition for Warrant, dated September 12, 2019, the probation officer notified Your Honor of Ms. Murrietta's failure to report as directed by the probation officer and requested a warrant for her arrest. Your Honor issued an arrest warrant on September 17, 2019, and the warrant returned executed on September 25, 2019. On November 18, 2019, Mr. Murrietta admitted to allegations 1 and 2 and after finding her in violation, Your Honor continued her on probation supervision and ordered her to serve 4 months' custody, with an additional condition: not enter Mexico without permission from the probation officer.

**Type of Supervision:** Probation          **Date Supervision Commenced:** February 5, 2018

**Asst. U.S. Atty.:** Orlando B. Gutierrez     **Defense Counsel:** Michelle Betancourt, Fed. Defs., Inc.
                                                                   (Appointed)
                                                                   (619) 234-8467

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On February 11 and 19, 2020, Ms. Murrietta failed to comply with drug testing requirements, as instructed by the probation officer by failing to provide a urine specimen for urinalysis at the U.S. Probation Office.<br><br>2. On or about January 29, 2020, Ms. Murrietta used a controlled substance, as evidenced by urine specimen submitted to the U.S. Probation Office, which confirmed positive for methamphetamine. |

***Grounds for Revocation:*** As to allegation 1, the probation officer received and reviewed Chain and Custody for Drug Analysis forms and Trouble Logs, which confirm Ms. Murrietta failed to submit a urine specimen for urinalysis, as required, on the above-specified dates. On January 29, 2020, the probation officer reviewed written instructions for drug testing with her, which she acknowledged with a signature. The probation officer specifically instructed Ms. Murrietta to telephone the drug testing line and report for drug testing when indicated by the automated recording.

As to allegation 2, the probation officer received and reviewed written laboratory notification from Alere Toxicology Services, advising the urine specimens provided by Ms. Murrietta on January 29, 2020, confirmed positive for methamphetamine.

| **(Mandatory Condition)**<br>The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | 3. On February 12, 2020, Ms. Murrietta failed to report to the U.S. Probation Office, as directed by the probation officer. |

***Grounds for Revocation:*** As to allegation 2, the probation officer directed Ms. Murrietta to report to the U.S. Probation Office on the above-specified date. Ms. Murrietta failed to report, as directed, and has since made herself unavailable to the probation officer for supervision instructions.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On January 21, 2020, Ms. Murrietta completed the four-month custodial term for the probation violation and released to her mother's residence in El Centro, California. On January 29, 2020, she reported to the U.S. Probation Office for reporting instructions. The probation officer reviewed the conditions of probation supervision and referred her to drug treatment services at Imperial County Behavioral Health Services. The probation officer further enrolled her in a drug testing program, consisting of three random drug tests per month.

PROB12(C)
Name of Offender: Talhia Alvarado Murrietta                                March 4, 2020
Docket No.: 17CR04382-001-LAB                                                      Page 3

The probation officer also reviewed relapse prevention strategies and discussed her goals for the following months. Ms. Murrietta expressed interest in attending a General Equivalency Diploma (GED) and job search program, and in participating in prosocial activities with her children, such as attending a local Christian church.

However, on or about February 5, 2020, the probation officer received presumptive positive drug tests results from a urine sample collected on January 29, 2020. The probation officer telephoned Ms. Murrietta to discuss her drug use and she readily admitted to using methamphetamine. In response to the noncompliance, the probation officer provided oral reprimand and instructed her to enter a local Christian-based residential drug treatment, no later than the following day. Ms. Murreitta conceded with the plan of treatment; however, on February 11, 2020, the probation officer received a voicemail from her advising that she was seeking to enter a 12-step program and that CRASH was willing to admit her in a week.

On February 12, 2020, the probation officer telephoned Ms. Murrietta and directed her to report to the U.S. Probation Office to further discuss her options. She agreed to report at 3:00 PM yet failed to appear. At this time, her whereabouts is unknown.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Murrieta, age 31, is single and the mother of four children. She lacks a high school diploma or its equivalent. Earlier in the year, she enrolled in General Equivalency Diploma (GED). She is currently unemployed and has an extensive history of substance abuse. The court has offered her various treatment options, including services through Narcotics Anonymous, SMART Recovery, CRASH residential drug treatment program, New Creations residential drug treatment program, and Imperial County Behavioral Health Services.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation the court may continue probation, extend the term of probation, modify the conditions of supervision, or revoke probation and resentence under Subchapter A. 18 U.S.C. § 3565 (a) (1) and (2).

If probation is revoked, the maximum term of imprisonment is 10 years. 18 U.S.C. § 3585(b).

**USSG Provisions:** The allegations, (Failed to Appear to Drug Tests, Failed to Report to the U.S. Probation Office as Instructed, and Used a Controlled Substance), constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke probation; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months**. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

If the court revokes probation and imposes a term of imprisonment, it shall increase the term by the amount of time in official detention that will be credited toward service of the term under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding. USSG §7B1.3(e), p.s. In this case, the offender will be credited with 241 days in official detention.

Since "the original sentence was the result of a downward departure . . . an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 120 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3565(a)(2).

## IMPOSITION OF SUPERVISED RELEASE

**Statutory Provisions:** If the court imposes a sentence of imprisonment, it may include a term of supervised release as part of the sentence. 18 U.S.C. § 3583(a) and (b).

A term of not more than three years' supervised release is authorized. 18 U.S.C. §3583(b)(2).

**USSG Provisions:** If probation is revoked and a period of imprisonment is imposed, the provisions of USSG §§ 5D1.1-1.3 will apply to imposing a term of supervised release. USSG § 7B1.3(g)(1), p.s.

If a sentence of imprisonment of one year or less is imposed, a term of supervised release of at least two years but not more than three years is optional. USSG §§5D1.1(b) and 5D1.2(a)(2).

If a sentence of imprisonment is imposed which exceeds one year, the court is required to impose a term of supervised release of at least two years but not more than three years. USSG §§5D1.1(a) and 5D1.2(a)(2).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Murrietta has strong ties to Mexico and is refusing to follow directives by the probation officer. At this time, she is considered a flight risk and in effort to secure her presence in court, the probation officer is recommending the issuance of an arrest warrant.

## RECOMMENDATION/JUSTIFICATION

Ms. Murrietta breached the court's trust by illicitly using a controlled substance, failing to report to the U.S. Probation Office as directed by the probation officer, and failing to appear to drug tests. This Petition marks as third to the court reporting on noncompliance relating to her illicit use of controlled substances. The probation officer attempted to return her to compliance by referring her to residential drug treatment and summoning her to the U.S. Probation Office for discussion as to her drug treatment options. Nevertheless, Ms. Murrietta failed to appear to the U.S. Probation Office and discontinued contact with the probation officer.

Despite various drug treatment opportunities and interventions from the court, Ms. Murrietta continues to revert to drug use. Therefore, the probation officer is respectfully recommending the court revokes probation and imposes a 12-month imprisonment term, which is accounting for the 241 days of official detention. Evidently, Ms. Murrietta has a recurring drug problem and would benefit from supervision from the U.S. Probation Office. The probation officer recommends the court imposes an 18-month term of supervised release, including all previously ordered special conditions of supervision, as outlined below:

PROB12(C)

| | |
|---|---|
| Name of Offender: Talhia Alvarado Murrietta | March 4, 2020 |
| Docket No.: 17CR04382-001-LAB | Page 5 |

1. Enroll in and complete a residential drug treatment program as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

2. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 90 days (non-punitive)

3. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

4. Not associate with undocumented aliens or alien smugglers.

5. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration laws.

6. Abstain from the use of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: **March 4, 2020**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Jennifer Avila
U.S. Probation Officer
(760) 339-4207

Reviewed and approved:

_____
Pascual Linarez
Supervisory U.S. Probation Officer

PROB12CW

March 4, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Murrietta, Talhia Alvarado

2. **Docket No. (Year-Sequence-Defendant No.):** 17CR04382-001-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failed to Appear to Drug Tests | C |
| Failed to Report to the U.S. Probation Office, as Instructed | C |
| Used a Controlled Substance | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | |
|---|---|
| Restitution ($) _____ | Community Confinement _____ |
| Fine ($) _____ | Home Detention _____ |
| Other _____ | Intermittent Confinement _____ |

PROB 12(C)

| | |
|---|---|
| Name of Offender: Talhia Alvarado Murrietta | March 4, 2020 |
| Docket No.: 17CR04382-001-LAB | Page 7 |

## THE COURT ORDERS:

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____[signature]_____          3-5-2020
The Honorable Larry A. Burns          Date
Chief U.S. District Judge

nf